UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. VESSIO,<br><br>             Plaintiff<br><br>     v.<br><br>SAW CREEK ESTATES COMMUNITY ASSOCIATION, INC. et al.,<br><br>             Defendants | CIVIL ACTION NO.3:13-CV-02068<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Pending before this Court is Defendants' motion to dismiss along with a brief in support of their motion to dismiss filed on March 28, 2014. (Doc. 26; Doc. 27). Plaintiff Robert J. Vessio ("Vessio") has not filed a brief in opposition to this motion, despite several extensions of time in which to do so. (Doc. 29; Doc. 31; Doc. 33). As such, the Court will deem the motion unopposed. *See* Local Rule 7.6. For the reasons provided below, it is recommended that Defendants' motion be **GRANTED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

This is a *pro se* civil rights action arising under Title III of the Americans with Disabilities Act ("ADA"). Vessio claims he suffered a stroke in 2009 which has left him needing to be close to bathroom facilities. (Doc. 1). Vessio owns property within Defendants' nonprofit residential community neighborhood located in Bushkill, Pennsylvania, and claims that Defendants violated Title III of the ADA by denying him access to a bathroom in Defendants' Member Services Office. (Doc. 1).   On March 28, 2014, the Defendants filed a motion to dismiss the complaint, along with a brief in support. (Doc. 26). Specifically, Defendants claim that Vessio has failed to prosecute his case by refusing to respond to Defendants' discovery requests.

Moreover, Defendants submit that Vessio has failed to attend the court ordered conferences and as a result, Defendants are unable to litigate this matter.

Vessio's brief in opposition to Defendants' motion to dismiss was due on April 11, 2014. (Doc. 29). As stated above, Vessio failed to file a brief in opposition by that deadline. On April 18, 2014, this Court entered an Order directing Vessio to file his brief in opposition to the Defendants' motion to dismiss (Doc. 26) by Monday, April 28, 2014. (Doc. 29). On April 30, 2014, the Court received and docketed a letter from Vessio dated April 23, 2014, in which Vessio objected to the Court's April 18th Order and informed the Court that he would be undergoing surgery on June 6, 2014. (Doc. 30). This Court construed this letter as a motion for extension of time and directed Vessio to file his brief in opposition before June 30, 2014. (Doc. 31). On June 23, 2014, the Court received and docketed another letter from Vessio dated June 20, 2014, in which Vessio requested until September to file his brief in opposition due to rescheduling issues with the surgery originally set for June 6th. (Doc. 32). This Court granted this motion in an Order dated June 26, 2014, which directed Vessio to file his brief no later than September 1, 2014.[1] (Doc. 33) At that time, however, the Court warned Vessio that no further extensions of time would be granted. (Doc. 33).

On July 2, 2014, Vessio sent another letter to this Court, informing the Court that his surgery scheduled for June 18, 2014 was again rescheduled for August and requesting an extension for September. (Doc. 34). The Court denied this request in an Order dated August 20,

---

[1] As September 1st was a Federal holiday, the deadline was extended to September 2, 2014.

2014, as Vessio's motion was premature and the Court had previously indicated that no further extensions would be given. (Doc. 35). Additionally, in that Order, the Court scheduled a status conference for September 17, 2014. Vessio failed to appear on the teleconference and to date has not filed a brief in opposition to Defendants' motion to dismiss. As Plaintiff has not filed a brief in opposition, Defendants' motion is deemed unopposed and is now ripe for disposition.

**II. DISCUSSION**

   A. UNOPPOSED MOTION

Pursuant to Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. The Court of Appeals for the Third Circuit has held that dismissal of a case for failure to comply with a local rule is a "drastic sanction" which should, with few exceptions, follow a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Shuey v. Schwab,* 350 Fed. Appx. 630, 632–33 (3d Cir. 2009). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, a plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

It is now well-settled that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' *Torres v. United States*, CIV.A. 3:13-1010, 2014 WL 359674 (M.D. Pa. Feb. 3, 2014); *citing Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (1991); *Williams v. Lebanon Farms Disposal, Inc.*, No. 09–1704, 2010 WL 3703808, *1 (M.D.Pa. Aug.26,

2010). However, the Court must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion...." *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir.1998); *Lease v. Fishel*, 712 F.Supp.2d 359, 371 (M.D.Pa.2010). Courts should strive to resolve cases on their merits whenever possible, *Torres v. United States*, *supra*, and the Court will do so here.

    B.  M<small>OTION TO</small> D<small>ISMISS</small> S<small>TANDARD</small>

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a plaintiff's case for failure to prosecute. *See* Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In determining whether an action should be dismissed for failure to prosecute, the Court must balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dept.,* 159 Fed. Appx. 371, 373 (3d. Cir. 2005) (citing *Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). Dismissal for failure to prosecute is a "drastic sanction" reserved for cases "comparable to . . . 'flagrant bad faith' and 'callous disregard.'"

*Philadelphia*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). No one factor is determinative and thus not all of the *Poulis* factors must be met to warrant dismissal. *Mindek v. Rigatti*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

### C. PLAINTIFF'S PERSONAL RESPONSIBILITY

Defendants argue that Vessio has the ultimate responsibility prosecuting his claim and specifically comporting with court orders. Specifically, Defendants raise two issues that purportedly reflect on Vessio's personal responsibility: (1) his failure to comply with discovery requests; and (2) his failure to appear for a court ordered scheduling conference on November 12, 2013, and a settlement conference scheduled for December 18, 2013.[2] (Doc. 27).

In reference to the discovery requests, Defendants represent that throughout the course of the litigation they have attempted to contact Vessio with no success. On November 7, 2013, Defendants sent him a letter enclosing Defendants' initial disclosures and discovery requests, which went unanswered. (Doc. 27-2). On November 26, 2013 Defendants served him with the first set of discovery requests, which again received no response. (Doc. 27-2). As a result, Defendants attempted to contact Vessio by telephone on February 4, 2014 using the three telephone numbers on file. The telephone numbers were either disconnected; wrong numbers, or connected to a fax machine. Defendants promptly sent a letter to Vessio requesting an immediate answer, to which he never responded. (Doc. 27-1). On February 28, 2014

---

[2] Vessio also failed to attend a telephonic status conference on September 17, 2014.

Defendants sent a letter informing Vessio of their intentions to file a motion to dismiss if Defendant did not file a response within ten days, and enclosed copies of Defendants' previous correspondence along with additional copies of Defendants' initial disclosures and discovery requests. (Doc. 27-2). Vessio did not respond.

Because Vessio is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 Fed.Appx. 113, 117 (3d Cir. 2011); *see also Gieniec v. Smith*, No.3:09-cv-02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec. 8, 2011) ("Plaintiff is proceeding *pro se*, and thus is responsible for . . . informing the Court of his address, responding to discovery requests, and complying with Court orders."). Repeated failures to provide discovery may be sufficient to warrant dismissal for failure to prosecute where the plaintiff is personally responsible for such failures.

In this case, it is the personal responsibility of Vessio, proceeding *pro se*, to respond to discovery requests and to maintain accurate contact information. While Vessio claims he did not receive any of Defendants' letters, on March 19, 2014, Defendant Saw Creek received a letter from Vessio on an unrelated matter, which listed the same address and telephone number he identified in his Complaint. (Doc. 27). If Vessio's mailing address is no longer accurate, he is obligated to inform the Court and Defendants of such change. *See Durah v. Rustin*, No.05-1709, 2006 WL 2924788, at *1 (W.D. Pa. Oct. 10, 2006). If Vessio's mailing address is correct, he has a responsibility to communicate with Defendants with respect to their discovery requests. As such, the first *Poulis* factor weighs in favor of dismissal.

### D. PREJUDICE TO MOVING PARTY

Defendants argue that the second *Poulis* factor is satisfied here, as Defendants have been prejudiced by Vessio's failure to conduct discovery and in particular, to discuss a "mutually convenient time for his deposition." (Doc. 27). A finding of prejudice does not require "irremediable harm." Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Indeed, "it is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Bendix Aviation Corp. v.* Glass, 32 F.R.D. 375, 377 (E.D. Pa. 1961). Here, Vessio's failure to comply with discovery requests, appear before the Court, or file its brief in opposition impedes Defendants' ability to prepare a trial strategy. In particular, the only correspondence Vessio has had with Defendants has been in the form of a letter submitted to the Court dated September 25, 2014, in which he replies to Defendant's letter offering to provide him with the maximum recovery permitted by law in return for the voluntary dismissal of the present action. (Doc. 40). In that letter, Vessio responds with the following: "I will match [Defendants] with my Wit (Intelligence) in the Jury & Judge Court Room. . ." (Doc. 40). Despite having submitted this letter, it appears that Vessio has failed to engage in active litigation since the inception of this action, other than to repeatedly request extensions of time to respond to the instant motion to dismiss. Rather, Vessio's inactions coupled with the significant time and resources expended by Defendants in litigating this action have created an unnecessary stalemate, which prevents Defendants from moving forward with this litigation and renders the time and resources expended by Defendants largely unproductive. Defendants are unable to prepare for trial at this point. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### E. HISTORY OF DILATORINESS

Defendant argues that the third *Poulis* factor is met because "this case has been languishing for approximately [ ] 11 months . . . and [Plaintiff] has removed himself from the pretrial discovery process." (Doc. 27). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d. Cir. 1994); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)(finding a history of dilatory conduct where the plaintiffs repeatedly failed to provide a calculation of damages for the defendant); *Emerson v. Theil College*, 296 F.3d 184, 191 (3d Cir. 2002)(finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus,* 538 F.3d 252, 261 (3d Cir. 2008)(citation removed)(refusing to find a history of dilatory conduct where plaintiff refused to attend one scheduled deposition). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams,* 29 F.3d at 875.

Here, Vessio's failure to appear for a status conference, his failure to submit a brief in opposition after being granted several extensions of time in which to do so, and his failure to comply with numerous discovery requests on behalf of the Defendants, evinces a pattern of dilatory conduct. As it relates to the discovery requests, it appears that Vessio's failure to conduct discovery was a "dilatory tactic." While Vessio disclosed that he did not receive the letters sent to his address by Defendants, he was responsible for providing accurate contact information, and thus he was dilatorily in failing to respond to discovery requests sent using the

contact information he provided, especially given that he used the same address to subsequently send Defendant Saw Creek a letter on an unrelated matter.

Additionally, the Court finds that Vessio's September 19, 2014 response (Doc. 40) to an offer to settle this matter by Defendants which appears to be for the maximum recovery permitted by law (Doc. 38), to be further evidence of dilatory conduct by Vessio. Although the Court will not and could not force any sort of settlement if Vessio does not desire one, his correspondence is non-responsive to the Defendants' offer, and though it appears from the letter that Vessio desires a trial, he has failed to respond to any discovery requests or participate in any court proceedings. Vessio's letter is another example of his "extensive or repeated delay" and consistent with his non-responsiveness to interrogatories. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d. Cir. 1994); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Emerson v. Theil College*, 296 F.3d 184, 191 (3d Cir. 2002).

In contrast, Vessio's failure to appear in court for a case management conference scheduled November 12, 2013, does not amount to dilatory conduct because Vessio filed a motion to continue the telephonic case management conference on November 5, 2013 for health reasons. (Doc. 20). *See Poulis*, 747 F.2d at 868 (suggesting that a history of dilatoriness will not be found when "a timely request for an extension [is] made to the court"). It also cannot be said that Plaintiff acted in a dilatory manner with respect to the settlement conference originally set for December 18, 2013 because it was canceled by this Court, as it was unsure as to whether Vessio would actually attend. (Doc. 24). Vessio's only dilatory act with respect to his appearances was his failure to attend the September 17, 2014 status conference. (Doc. 37). Even then, as stated above, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe v. Klaus*, 538 F.3d at 261 (citing *Scarborough v. Eubanks*, 747

F.2d 871, 875 (3d Cir. 1984)). However, when considering the span of this litigation, Vessio's failure to appear for the status conference coupled with his failure to conduct discovery and his failure to submit a brief in opposition to Defendants' motion to dismiss after being granted four extensions does suggest a pattern of dilatory behavior that weighs in favor of dismissal.

### F. PARTY'S WILLFUL OR BAD FAITH

Defendants further submit that Vessio has acted willfully. This factor requires the court to consider whether the plaintiff's conduct reflects mere inadvertence or negligence, or rather "strategic," intentional or self-serving behavior." *Adams*, 29 F.3d at 875. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262. Generally, willfulness involves intentional or self-serving behavior. *Id*. Conversely, "[i]f the conduct is merely negligent or inadvertent, [the court] will not call the conduct 'contumacious.'" *Id.* Here, the facts are insufficient to support a conclusion that Vessio's conduct to date has been willful or in bad faith. Vessio has suggested that his failure to conduct discovery was the result of having not received the discovery requests. Further, his repeated requests for extensions to file a brief in opposition as well as his failure to attend at least one of the conferences was allegedly the result of "health issues." The record does not support a finding that he *refused* to conduct discovery or attend the status conference. *See Briscoe*, 538 F.3d at 262. Without providing Vessio "a full and fair opportunity to present the reasons he did not attend the conference" or conduct discovery, this Court cannot find that he acted contumaciously. *Id.* However, while the Court does not have adequate information to support a finding of bad faith or willfulness, this factor does not necessarily weigh against dismissal.

G. AVAILABILITY OF ALTERNATIVE SANCTIONS

In considering the fifth factor, the effectiveness of alternative sanctions, this Court finds that there are no appropriate sanctions other than dismissal. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding *pro se*." See *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (per curiam); *see eg., Nowland v. Lucas*, Civil No.1:10-CV-1963, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012)("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Vessio's status as a *pro se* litigant prevents this Court from sanctioning him or using alternative sanctions to steer this litigation onward, especially considering that Vessio has failed to abide by court orders to date. Accordingly, this factor weighs in favor of Defendants.

H. MERIT OF PLAINTIFF'S CLAIM

Finally, Defendants argue that Vessio's claim lacks merit, as Defendant Saw Creek is a private residential community not subject to Title III of the ADA. (Doc. 27). Defendants also claim that there is no evidence that Plaintiff has a disability or that Defendants denied him access to the restroom. (Doc. 27). "A claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 87. Under Title III of the ADA, the only remedy available for private plaintiffs is prospective injunctive relief. See *Doe v. Natl. Bd. of Med. Examr's*, 199 F.3d 146, 253 (3d Cir. 1999). Here, to the extent Vessio expects money damages for any alleged refusal to allow him use of Defendant's bathroom, that request is improper and lacks merit under the statue. Vessio may, however, seek injunctive relief. Because the remedy for a private ADA Title

III violation is injunctive relief, the court "must look beyond the past violation and consider the likelihood of future violations." *Anderson v. Macy's, Inc.*, 943 F.Supp.2d 531, 538 (W.D. Pa. May 2, 2013). In making that determination, the court must evaluate whether the plaintiff has "demonstrate[d] a 'real and immediate threat' of injury in order to satisfy the 'injury in fact' requirement." *City of L.A. v. Lyons*, 461 U.S. 95, 103-04 (1983). Here, in a letter dated September 17, 2014, Defendants agreed to provide Vessio with the full recovery available under the law. (Doc. 38). Specifically, Defendants have agreed to allow him immediate and unrestricted use of their bathroom facilities. (Doc. 38). Thus, Vessio does not have a meritorious claim as he cannot establish that he has "injury-in-fact." Accordingly, this factor weighs heavily in favor of dismissal.

III. **RECOMMENDATION**

Based on the foregoing, this Court recommends that Defendants' motion to dismiss be GRANTED, and Plaintiff's case be dismissed.

Dated: October 17, 2014                                                  *s/ Karoline Mehalchick*
                                                                          **KAROLINE MEHALCHICK**
                                                                          **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. VESSIO,<br><br>                Plaintiff<br><br>    v.<br><br>SAW CREEK ESTATES COMMUNITY ASSOCIATION, INC. et al.,<br><br>                Defendants | CIVIL ACTION NO.3:13-CV-02068<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 17, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 17, 2014**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**