# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT J. VESSIO,**            :

   **Plaintiff**                    :     CIVIL ACTION NO. 3:13-2068

   **v.**                             :                 (MANNION, J.)

**SAW CREEK ESTATES**            :
**COMMUNITY ASS'N, INC., et al.,**
                                 :
   **Defendants**
                                 :

# M E M O R A N D U M

Pending before the court are (1) the defendants' unopposed motion to dismiss the plaintiff's complaint, (Doc. 26), and (2) Judge Mehalchick's report recommending that the defendants' motion to dismiss be granted, (Doc. 41), to which no objections have been filed. Based upon the court's review of the record, Judge Mehalchick's report will be adopted in its entirety; the defendants' motion to dismiss granted; and the plaintiff's complaint dismissed.

By way of relevant background, the plaintiff filed the instant action pursuant to Title III of the Americans with Disabilities Act, ("ADA"), on August 2, 2013, in which he alleges that he suffered a stroke in 2009 which necessitates his frequent use of bathroom facilities. (Doc. 1). The plaintiff claims that he owns property within the defendants' nonprofit residential community located in Bushkill, Pennsylvania, and further claims that the defendants violated Title III of the ADA by denying him access to a bathroom

in the defendants' Member Services Office.

The defendants filed the pending motion to dismiss the plaintiff's complaint, (Doc. 26), along with a supporting brief, (Doc. 27), on March 28, 2014, claiming that the plaintiff's complaint should be dismissed as he has failed to prosecute his case by refusing to respond to requests for discovery and failed to attend court ordered conferences. As a result, the defendants argue that they are unable to litigate this matter.

Plaintiff was due to file a brief in opposition to the defendants' motion to dismiss on April 11, 2014; however, he failed to do so. As a result, on April 18, 2014, the Judge Mehalchick entered an order directing the plaintiff to file his brief in opposition by April 28, 2014. (Doc. 29). The plaintiff responded to the court's directive by filing a letter with the court which was construed as a motion for extension of time. (Doc. 30). The motion was granted and the plaintiff was directed to file his opposition on or before June 30, 2014. (Doc. 31).

On June 23, 2014, the plaintiff filed another letter with the court which requested another extension of time to file his opposing brief. (Doc. 32). Again, the plaintiff's request was granted and the plaintiff was directed to file his brief no later than September 1, 2014[1]. (Doc. 33). The plaintiff was advised that no further extensions of time would be granted.

---

[1]Because September 1, 2014, was a federal holiday, the deadline for the plaintiff's brief was extended to September 2, 2014.

On July 2, 2014, the plaintiff filed yet another letter with the court requesting another extension of the deadline for filing his brief in opposition to the defendants' motion to dismiss. (Doc. 34). By order dated August 20, 2014, the Judge Mehalchick denied the plaintiff's request on the basis that it was premature and, further, on the basis of the prior order indicating that no further extensions would be granted. (Doc. 35). In that same order, Judge Mehalchick set a status conference for September 17, 2014. According to Judge Mehalchick's instant report, the plaintiff failed to appear on the teleconference and, as of the date of her report, failed to file a brief in opposition to the defendants' motion to dismiss. (Doc. 41).

Because the plaintiff did not file a brief opposing the defendants' motion to dismiss, Judge Mehalchick deemed the motion unopposed and proceeded to evaluate the motion on its merits. (Doc. 41). In considering the defendants' motion, which argued that the plaintiff had failed to prosecute his claims, Judge Mehalchick considered each of the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984)[2], noting that no one factor is determinative and that not all of the Poulis factors must be met to

---

[2]These factors include (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868 (emphasis omitted).

warrant dismissal. Judge Mehalchick found that five of the six Poulis factors weighed in favor of dismissal, with only the willful or bad faith factor not so weighing. In light of her findings on the Poulis factors, Judge Mehalchick recommends that the defendants' motion to dismiss be granted and that the plaintiff's case be dismissed.

The court has reviewed the recommended basis for dismissal of the plaintiff's amended complaint presented by Judge Mehalchick. Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

> s/ *Malachy E. Mannion*
> **MALACHY E. MANNION**
> **United States District Judge**

**Date: November 6, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2068-01.wpd